■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE FOY, Appellant. [754 NYS2d 310] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered April 29, 1997, convicting him of murder in the second degree, conspiracy in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in third degree, tampering with physical evidence, and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Giaccio, J.), of those branches of his omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that his right to counsel was violated when the detectives investigating the murder of his brother-in-law questioned the defendant about the homicide, even though at the time the Queens County District Attorney's Office and the defendant had entered into a cooperation agreement on a separate matter. Where a defendant is represented by counsel on prior pending unrelated charges, his or her right to counsel is not violated when the police question him or her outside the presence of counsel on matters unrelated to those prior charges (*see People v Bing,* 76 NY2d 331). Under the defendant's interpretation of the cooperation agreement, which related to a 1992 arrest for larceny, criminal possession of stolen property, and criminal possession of a controlled substance, questioning him with regard to any crime, including homicide, irrespective of when committed, would implicate his right to counsel. Such an interpretation is unreasonable, and must be rejected. Accordingly, the suppression court properly denied the defendant's suppression motion.

The defendant's remaining contentions are either without merit or unpreserved for appellate review. Altman, J.P., S. Miller, Adams and Mastro, JJ., concur.